MARY E. TRUMPY *vs.* BENJAMIN F. TRUMPY.

A petition for divorce alleged that the respondent had been "guilty of intolerable cruelty towards the petitioner," and proceeded to specify sundry acts of cruelty. The court found that the respondent "had not been guilty of intolerable cruelty," and dismissed the petition. Held that the general finding of the court sufficiently negated the specific allegations of the petition.

PETITION for a divorce; brought to the Superior Court in Fairfield County.

The petition, after alleging the marriage, thus stated the grounds of divorce.

The petitioner further shows that the respondent, for a period of more than four years last past, has been and now is habitually intemperate. Also that, for a period of more than four years last past, the respondent has been guilty of intolerable cruelty towards the petitioner, and has abused, beaten, bruised, kicked, and choked her, and inflicted other brutal injuries upon her person; and that the respondent did, without law or right, on the 27th day of December, 1874, with force and violence, and with a large number of other evily disposed persons, break into the premises where the petitioner then was, at Greenwich aforesaid, and did then and there brutally and violently assault, push, choke, abuse, strike, and throw her upon the floor. And the petitioner further shows that the respondent for a period of more than three years last past has been guilty of such misconduct as permanently destroys the happiness of the petitioner and defeats the purposes of the marriage relation.

The finding and judgment of the court was as follows:

In the above entitled case the court finds the following facts: That the petitioner and respondent were legally married on the 12th day of August, 1869, and lived together as husband and wife until on or about the 14th day of June, 1874, when the petitioner left the house of the respondent and has not since resided with him. The court further finds that the respondent has not been guilty of habitual intemperance, nor of intolerable cruelty, nor of such misconduct as permanently destroys the happiness of the petitioner and defeats the purposes of the marriage relation. And upon the foregoing facts so found, said petition is dismissed.

The petitioner by written motion requested the court to find the facts specifically, but the court declined to do so.

The petitioner brought the record before this court by a motion in error.

*J. B. Curtis,* with whom was *H. W. R. Hoyt,* for the plaintiff in error.

1. Proceedings for divorce are, by the statutes on that subject, to be commenced and prosecuted in a similar manner to suits in equity, and the decree of divorce in its nature and effect is the same as an ordinary decree of a court of equity. *Lyon* v. *Lyon,* 21 Conn., 185, 197. By the common law of Connecticut, courts of equity are obliged to cause the facts upon which they base their decrees to appear upon the record. *Samson* v. *Hunt,* 1 Root, 207. This doctrine has been rendered further effectual by legislation. Rev. Statutes, 1875, p. 444, sec. 10.

2. If these premises are true, it follows that in a divorce suit the court should cause the facts upon which they base their decree to appear upon the record. And this conclusion is warranted by the practice and decisions of both the Superior and Supreme Courts. In *Shaw* v. *Shaw,* 17 Conn., 189, the finding of the court details all the facts constituting the case. In *Ferris* v. *Ferris,* 8 Conn., 166, the court pass both upon the sufficiency of the petition and the decree; and in all decrees of divorce, it has been the uniform practice to find the facts upon which such decrees have been based. But if this is not the case, yet the statute requires the court in an action at law, upon the motion of either party, to find the facts upon which their judgment is founded, and cause such finding to become a part of the record. Rev. Statutes, p. 444, sec. 9. The petitioner did request the court to make such finding, which the court has failed to do.

3. Has the court in this case found sufficient facts, or any facts whatever, upon which to base a decree? We contend that it has not. 1st. If this proceeding is analogous to a suit in equity and requires a similar finding of the facts in the case upon which to base a decree, or if the court was obliged to find specifically, in accordance with the statute referred to, then clearly the court has not found sufficient facts. 2d. But whether these proceedings are to be considered as analogous to equitable proceedings or not, or whether this case comes within the provisions of the statute, the case of *Ferris*

v. *Ferris* fully establishes the doctrine that sufficient facts must not only be alleged but found and put upon the record in order to constitute a sufficient decree. *Ferris* v. *Ferris*, 8 Conn., 168; *Church* v. *Church*, 3 Mass., 157. In the case of *Ferris* v. *Ferris*, the court say that it is not sufficient that the language of the statute is adopted. But the court in this case has only adopted the language of the statute, in finding that the respondent had not been guilty of habitual intemperance or intolerable cruelty, or of such misconduct as permanently destroyed the happiness of the petitioner. 3d. The court has found conclusions of law and not facts. What constitutes intolerable cruelty; what constitutes fraudulent contract; what constitutes such misconduct as permanently destroys the happiness of the petitioner and defeats the purposes of the marriage relation—are all conclusions of law, deduced from the facts that go to make up each one of the specific offenses or causes of divorce. *Shaw* v. *Shaw*, 17 Conn., 193; *Benton* v. *Benton*, 1 Day, 111; *Trubee* v. *Trubee*, 41 Conn., 36, 40.

*J. H. Olmstead,* with whom was *E. L. Scofield,* for the defendant in error.

LOOMIS, J. We do not deem it necessary to decide nor even to discuss the question, whether a decree of divorce would in all cases be valid if based simply upon a finding of facts in the brief and general language which the statute uses in specifying the several grounds of divorce. The rule for sustaining a bill is not necessarily the same as for dismissing it. In one case certain material facts must be found to justify the decree; in the other there may be no facts except the non-existence of the facts alleged, and the bill must be dismissed if the allegations are found untrue, though they may be insufficient in law.

The answer to one simple inquiry will dispose of all the questions in this case. Does the finding of the court negative all the essential allegations in the petition?

The petitioner claims a divorce on three distinct grounds,

namely, habitual intemperance, intolerable cruelty, and general misconduct. The first and last mentioned causes are alleged in the language of the statute, without any specific instances; and the finding of the court that "the respondent has not been guilty of habitual intemperance, nor of such misconduct as permanently destroys the happiness of the petitioner and defeats the purposes of the marriage relation," fully meets and negates all the allegations.

The other allegation is, that "the respondent for a period of more than three years last past has been guilty of intolerable cruelty," and then specifies particularly what the acts of cruelty are. The finding is, that "the respondent has not been guilty of intolerable cruelty." Considering the general allegation as compounded wholly of the specific instances mentioned, we think the finding that there was no intolerable cruelty equivalent to a negation of all that was alleged as constituting it. In other words, we construe the finding to mean that there was no such intolerable cruelty as was alleged.

There was no error in the decree complained of.

In this opinion the other judges concurred.